IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION


UNITED STATES OF AMERICA

VS.                              CRIMINAL NO. 3:12-cr-104(DCB)(FKB)

JEROME WELLINGTON                                        DEFENDANT


                              ORDER

   This cause is before the Court on the defendant Jerome Wellington's Motion to Dismiss Counts 2-26 of the Indictment **(docket entry 33).** Having carefully considered the motion and the Government's response, and being fully advised in the premises, the Court finds as follows:

   On August 7, 2012, the defendant was indicted by the Grand Jury on one count of bank fraud (Count 1) and 25 counts of money laundering (Counts 2-26). In moving for dismissal of Counts 2-26, the defendant relies on his view of the evidence based upon material facts which are at issue in this case and not contained in the indictment. Issues of fact are not properly considered by the Court for purposes of a motion to dismiss an indictment. U.S. v. Cortez, 2007 WL 954209, *6 (W.D. Tex. 2007)(citing U.S. v. Knox, 396 U.S. 77 (1969)). Factual issues regarding the alleged crime(s) committed are "general issues" which are appropriately addressed at trial. See Fed.R.Crim.P. 12(b)(2); Knox, 396 U.S. at 84 n.7.

   In addition, the indictment as to all Counts is valid on its face. It informs the defendant of the charges against him, and it

enables him to "adequately [ ] plead an acquittal or conviction in bar of future prosecutions for the same offense." U.S. v. Mann, 517 F.2d 259, 268 (5th Cir. 1975). "A defendant may not properly challenge an indictment, sufficient on its face, on the ground the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits." Id. at 267 (citing Costello v. U.S., 350 U.S. 359, 363 (1956)).

Wellington also challenges venue in this district. Title 18 U.S.C. § 1956(i) states, in part, "a prosecution for an offense under this section or section 1957 may be brought in ... any district where a prosecution for the underlying specified unlawful activity could be brought, if the defendant participated in the transfer of the proceeds of the specified unlawful activity from that district to the district where the financial or monetary transaction is conducted." 18 U.S.C. § 1956(i)(B). The defendant's reliance on U.S. v. Cabrales, 524 U.S. 1, 4 (1998) for the proposition that venue is improper in the Southern District of Mississippi is misplaced, because that case predates the present version of 18 U.S.C. § 1956. The indictment avers that Wellington knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and that the proceeds were transferred from the Southern District of

Mississippi to California. The indictment also alleges that Wellington aided and abetted with others under 18 U.S.C. § 2. Furthermore, venue must only be proved at trial by a preponderance of the evidence. U.S. v. Sax, 39 F.3d 1380, 1390 (7th Cir. 1994).

For the foregoing reasons, the Court finds that the defendant's motion is not well taken and shall be denied.

Accordingly,

IT IS HEREBY ORDERED that the defendant Jerome Wellington's Motion to Dismiss Counts 2-26 of the Indictment **(docket entry 33)** is DENIED.

SO ORDERED, this the 27th day of September, 2013.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE